AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 14 2022

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 22-MR-591
Black Nokia cell phone )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: Black Nokia cell phone found on the passenger side floorboard during the execution of a Consent Search of a Mercury Grand Marquis bearing License Plate AGZD35; currently located at FBI Farmington Resident Agency.

located in the _____ District of ____New Mexico____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B of Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1153 | Offenses committed in Indian country |
| 18 U.S.C. § 113(a)(1) | Assault with intent to commit murder |

The application is based on these facts:
See Attached Affidavit hereby incorporated by reference as if fully restated herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Alyson Berry, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 14, 2022

_____
*Judge's signature*

City and state: Farmington, NM      B. Paul Briones, US Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR SEARCH WARRANT

I, Alyson M. Berry, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI"), where I have been employed in that capacity since July 2020. I am currently assigned to the Albuquerque Division of the FBI, Farmington Resident Agency, and have primary investigative responsibility for crimes that occur in Indian Country, including violent crimes such as homicide, robbery, aggravated assault, and child sexual assault. In 2021, I attended an Indian Country Crime Scene Investigation course, including advanced techniques for evidence collection and best practices for violent crime case management.

2. The information set forth in this affidavit has been derived from an investigation conducted by the Farmington Resident Agency of the FBI, the Navajo Nation Department of Criminal Investigations ("NNDCI"), and San Juan County Sheriff's Office ("SJCSO").

3. I make this affidavit in support of an application for a search warrant on the following devices ("Target Devices") collected during the execution of a Consent to Search on a Mercury Grand Marquis bearing License Plate AGZD35 on April 11, 2022:

   **a.** White Motorola cell phone with a driver's license belonging to Myles Padilla in an attached card holder found on the passenger side floorboard.

   **b.** Black Nokia cell phone found on the passenger side floorboard.

4. Based on the facts set forth in this affidavit, there is probable cause to believe there were violations of 18 U.S.C. § 1153 Offenses committed in Indian country; 18 U.S.C. § 113(a)(1) Assault with intent to commit murder committed by MYLES CORDELLE DAN PADILLA, year

of birth 1991 (herein referred to as PADILLA) and that evidence of such crimes may be contained on the Target Devices.

5. This affidavit is intended to show there is probable cause for the requested search warrant and does not set forth all my knowledge about this matter. The statements in this affidavit are based on my personal knowledge, information that I have received from other law enforcement personnel, and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to believe that evidence of the crimes alleged are located within the Target Devices.

## **PROBABLE CAUSE**

6. On April 10, 2022, SJCSO responded to San Juan County Regional Medical Center regarding a male shooting victim, identified with initials S.C. and year of birth 2000 (referred to herein as John Doe). According to John Doe, he was traveling eastbound on Highway N36 in Kirtland, New Mexico. John Doe stopped his vehicle when he saw PADILLA waving his arms in the air. PADILLA pointed a firearm at John Doe, instructing him to drive the vehicle westbound on Highway N36 and later turning south onto Sandstone Drive.

7. PADILLA shot the gun several times in front of John Doe's face, out the driver's side window, as John Doe drove the car. Upon turning on Sandstone Drive, PADILLA told John Doe to drive to the end of the street where PADILLA planned to "dump" his body. John Doe began physically fighting PADILLA for control of the firearm. PADILLA fired the gun, shooting John Doe in the underarm of his right side. The bullet entered and exited John Doe's underarm. PADILLA and John Doe rolled out of the passenger side of the vehicle and continued to fight on

Sandstone Drive. PADILLA ran around the vehicle and between two residential houses. John Doe climbed back into the driver's seat and sped away.

8. John Doe drove himself to San Juan Regional Medical Center, where SJCSO law enforcement officers secured his vehicle, a tan Mercury Grand Marquis. Upon learning the shooting occurred on Navajo Nation Indian Reservation, SJCSO referred the case to FBI Farmington Resident Agency. During an interview with law enforcement, John Doe disclosed he did not know who assaulted him, but described the individual as a Navajo male with long black hair and tattoos, wearing dark jeans, a black t-shirt and black jacket. John Doe signed a Consent to Search form for the Mercury Grand Marquis, bearing License Plate AGZD35. According to John Doe, the assailant's two cell phones fell from his pocket while the two were fighting and likely remained in the vehicle. John Doe was subsequently released from the hospital.

9. On the morning of April 11, 2022, pursuant to the Consent to Search signed by John Doe, Special Agents conducted a search of the Mercury Grand Marquis. Three .380 shell casings were located on the front seat of the vehicle. Entry and exit bullet holes were documented on the driver's side headrest. Several areas of a red substance, presumed blood, were swabbed for later laboratory analysis. Several long black hairs tangled on the passenger side door frame were collected. Within the trunk of the vehicle, Agents located a clear plastic container of white pills hidden behind the trunk lining. The pills were stamped with "E55" in black ink and stored in a clearly labeled toothpick container. Several toothpicks were still in the bottle. The pills appeared to be Quetiapine, a prescription drug commonly abused with recreational use. Two mobile telephones were found on the front passenger side floorboard. One of the phones contained a driver's license for PADILLA in an attached card holder. The driver's license photo of PADILLA

matched the description of the assailant described by John Doe during his interview with law enforcement.

10. Based on my training and experience, it is possible John Doe and PADILLA had a prior relationship or were participating in the sale/purchase of illicit substances. Evidence found on the mobile telephones may confirm or disprove whether John Doe and PADILLA knew each other prior to meeting on Highway N36 or were participating in a drug buy with one another. Additionally, analysis of the cell phones may provide the circumstances surrounding PADILLA walking on the side of the road, his intentions for waving down a commuter, what happened within the vehicle, and other investigative discovery.

11. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Mobile telephone: A mobile telephone (or wireless telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

   b. Electronic mail ("e-mail" or "email"): "E-mail" refers to a method of exchanging digital messages from an author to one or more recipients. Users may attach digital media to their e-mails. Modern e-mail operates across the Internet or other computer networks. E-mail systems are based on a store-and-forward model. E-mail servers accept, forward, deliver and store messages. E-mail accounts may be accessed by computers, to include smartphones and tablets.

  c. Digital camera/video recorder: A digital camera/video recorder is a camera that records pictures as digital picture files and has the capability of video recording events. Digital cameras/video recorders use a variety of fixed and removable storage media to store their recorded images and video files. Images and video files can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras/ video recorders also include a screen for viewing the stored images and videos. This storage media can contain any digital data, including data unrelated to photographs or videos.

  d. Portable media player: A portable media player (or "MP3 Player") is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

  e. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

12. Based on my training, experience, and research, and from consulting product technical specifications available on the internet, I know that the Target Devices have capabilities that allow them to serve as a wireless telephone, digital camera/audio video recorder, portable media player, and Internet access device. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device and/or direct evidence of crimes committed.

13. Based on the information provided in this affidavit, your affiant believes forensic evidence is located within the Target Devices described in paragraph 3.

14. The incident under investigation occurred within the exterior boundaries of the Navajo Nation Indian Reservation. John Doe is a registered member of the Alaskan Bitter Water tribe, and PADILLA is a registered member of the Navajo Nation.

## AUTHORIZATION REQUEST

15. Based on the facts set forth in this affidavit, there is probable cause to believe there was a violation of 18 U.S.C. § 1153 Offenses committed in Indian country; 18 U.S.C. § 113(a)(1) Assault with intent to commit murder, and that evidence of such crimes may be contained in the Target Devices.

16. Supervisory Assistant United States Attorney Kyle Nayback, District of New Mexico, reviewed and approved this affidavit.

17. I swear that this information is true and correct to the best of my knowledge and belief.

_____
Alyson M. Berry, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me on *April 14*, 2022.

_____
The Honorable B. Paul Briones
United States Magistrate Judge

## **ATTACHMENT A**

### **Property to Be Searched**

a. White Motorola cell phone with a driver's license belonging to Myles Padilla in an attached card holder found on the passenger side floorboard during the execution of a Consent Search of a Mercury Grand Marquis bearing License Plate AGZD35.

b. Black Nokia cell phone found on the passenger side floorboard during the execution of a Consent Search of a Mercury Grand Marquis bearing License Plate AGZD35.

## ATTACHMENT B

### Particular Things to Be Seized

1. All records on the Target Devices described in Attachment A that relate to violations of 18 U.S.C. § 1153 Offenses committed in Indian country; 18 U.S.C. § 113(a)(1) Assault with intent to commit murder, including:

    a. All documentation related to passwords, encryption keys, and other access devices.

    b. All documents, web history, and communications demonstrating any communication or correspondence with any person or groups discussing the sale or purchase of illegal substances, all communication with John Doe, and all activity on the date of the offense, April 10, 2022.

    c. Bookmarks, internet history, temporary internet files, .1nk files, cache files, and other items showing how the cellular telephones were accessed, who accessed the cellular telephones, and/or how the cellular telephones were utilized.

    d. All evidence related to off-site storage of electronic data, such as code-based servers, including usernames, passwords, account information and access logs.

    e. Records of Internet Protocol addresses used.

    f. Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine and records of user-typed web addresses.

    g. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

2. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney

support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.